UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PREMIER WINE GROUP, LLC,**

    **Plaintiff,**

vs.                                      Case No. 2:22-cv-3255

**VANGUARD WINES, LLC,**

    **Defendant.**

## COMPLAINT

COMES NOW, Plaintiff, Premier Wine Group, LLC ("PWG"), by and through its lawyers, LaszloLaw, and for its Complaint against the Defendant, Vanguard Wines, LLC ("Vanguard"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Premier Wine Group, LLC is a California limited liability company with its principal place of business in California.

2. Vanguard Wines, LLC is an Ohio limited liability company with its principal place of business located in Franklin County, Ohio.

3. This Court has jurisdiction over the claims asserted herein pursuant 28 U.S.C. § 1332 because the amount in controversy exceeds the value of $75,000.00 exclusive of interest and costs and because there is complete diversity of citizenship between each Plaintiff and Defendant.

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) because Defendant's principal place of business is within this Judicial District.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. Plaintiff PWG is a successful wine company that markets and sells multiple brands of premium wine (the "Wines").

6. Vanguard is a distributor of wines in Ohio and Indiana.

7. On or about January 11, 2022, Vanguard's Vice President of Sales, Jim Beechey, sent an email to Mr. VonSalzen of PWG laying out a market launch plan for the Wines and providing a Power Point presentation detailing sales projections and corresponding payments to PWG and said:

> "We pride ourselves on building brands and building equity in those brands for longer term sustainable business partnerships. Unlike many distributors [sic] will take in a product and then immediately turn the responsibility back on the supplier to build/sell the brand, we will be proactive in our focus on targeted distribution and building the brand as partners."

Exhibit 1[1].

8. Throughout January 2022, Mr. Beechey sent multiple emails to PWG regarding the proposed distribution relationship, assuring PWG of Vanguard's intentions of being a good partner and to grow the market for the Wines in Ohio and Indiana. On January 19, 2022, Mr. Beechey told PWG of its intentions: "First and foremost, we enter into a partnership and make a commitment to work with one another thru the good, the bad and the ugly."

9. Based on Mr. Beechey's representations, on or about February 23, 2022, PWG entered into an agreement with Defendant Vanguard whereby Vanguard would purchase and distribute the Wines within the state of Ohio and Indiana.

---

[1] Phone numbers, e-mail addresses and commercially sensitive information have been redacted from Exhibits 1-4.

10. Pursuant Ohio law, O.R.C. § 1333.83, in the absence of a written agreement, a franchise relationship is established between a wholesaler and supplier after ninety days from the commencement of the relationship. This statutory franchise relationship prohibits suppliers like PWG from terminating the franchise except under very specific and limited circumstances. *See* O.R.C. § 1333.84.

11. In this case, Vanguard became the exclusive distributor of PWG's Wines within the State of Ohio.

12. Under the agreement, on or about February 23 and 25, 2022, Vanguard submitted three purchase orders to PWG for 1,120 cases of the Wines, totaling $103,472.00 (the "Purchase Price"). Exhibit 2.

13. At the time Vanguard submitted the purchase orders to PWG and agreed to pay the Purchase Price, it knew it was unable to pay for the Wines.

14. Indeed, before submitting those purchase orders and promising to pay the Purchase Price, unbeknownst to PWG, Vanguard had already received complaints from several suppliers for unpaid and overdue invoices and was involved in a lawsuit filed against it by another supplier for failure to pay invoices.

15. At the time Vanguard submitted the purchase orders to PWG it had no intention of paying for the Wines.

16. PWG delivered to Vanguard the Wines ordered in the purchase orders.

17. Vanguard accepted the Wines and began selling those Wines into the Ohio market.

18. Vanguard has not paid to PWG the amounts due with respect to the purchase orders.

19. Despite assurances from Vanguard that payment was forthcoming, the entire $103,472.00 outstanding balance remains.

20. Vanguard never expressed dissatisfaction with the Wines to PWG, never rejected the Wines and indeed, according to its own account, easily sold the Wines into the Ohio market and profited thereby.

21. On June 1, 2022, Mr. VonSalzen and Mr. Beechey had a telephone conversation about Vanguard's refusal to pay PWG's invoices. During that call, Mr. Beechey explained that Vanguard's inability to pay the invoices was due to financial hardships created by Vanguard's inability to get a loan or investment and lack of a sales team. Mr. Beechey also told Mr. VonSalzen that Vanguard was waiting on a payment from a supplier in connection with a lawsuit that had been settled.

22. The same day, Mr. Beechey sent to Mr. VonSalzen a text message regarding Vanguard's failure to pay: "This is 100% on us. You have done everything and more to support us. The financial stress is across the board." Exhibit 3, p. 1.

23. By June 27, 2022, Vanguard had still not paid PWG's outstanding invoices and Mr. Beechey again told Mr. VonSalzen during a text message conversation that Vanguard had "a settlement with Sean Minor that has been a black cloud over us. Trying to figure out when cash is coming in." Exhibit 3, p. 2.

24. By July 14, 2022, Vanguard had still not paid PWG's outstanding invoices and Mr. Beechey told Mr. VonSalzen:

> "We are still in a bad place but Eric [Stewart] applied for a different loan (not government subsidized which is what I told you we thought was in our hip pocket and fell thru). He has also been in meetings to take on investors to create the influx of cash we were expecting." Exhibit 3, p. 3.

4

25. By July 26, 2022, Vanguard had still not paid PWG's outstanding invoices and in response to a request for payment, Mr. Beechey told Mr. VonSalzen: "I am back in the office on Thursday and we have status meetings scheduled. Business has still been a disaster." Exhibit 3, p. 4.

26. By August 9, 2022, Vanguard had still not paid PWG's outstanding invoices and PWG sent to Vanguard a Termination of Distribution Relationship and demand for payment. Exhibit 4.

27. Vanguard has represented to PWG that it has sold at least 514 cases of the Wines through July 31, 2022.

28. To date, for Wines ordered and delivered, Vanguard owes PWG a total of $103,472.00.

29. Vanguard's business model is, and has been, to order wines from suppliers over a period of time sufficient to create an exclusive franchise relationship for those brands under Ohio law, refuse to pay for those wines, and then use the franchise as leverage to pay only pennies on the dollar (or zero dollars) in exchange for a termination of the distribution franchise. Simply put, Vanguard employs a "brand hostage" business model.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

30. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

31. The purchase orders attached hereto as Exhibit 2, as well as Vanguard's acceptance of the Wines, constitutes an ongoing enforceable contract with payments due upon delivery of the Wines.

32. PWG performed under the purchase orders by its timely delivery of the ordered goods to Vanguard.

33. Vanguard has failed to pay each of the invoices, totaling an amount due and owing of $103,472.00, which constitutes a breach of the purchase order contracts.

34. As a direct and proximate cause of Vanguard's breaches, PWG has suffered damages in the amount of $103,472.00 plus accrued interest arising from Vanguard's nonpayment.

## SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

35. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

36. Under Ohio law, there is an implied duty of good faith and fair dealing in every contract.

37. When Vanguard submitted its purchase orders to PWG and PWG supplied the ordered wines and issued the corresponding invoices, both PWG and Vanguard impliedly agreed to handle their ongoing business relationship fairly and in good faith.

38. Vanguard has violated these covenants of good faith and fair dealing by accepting PWG's Wine deliveries and failing to pay a single invoice submitted by PWG.

39. As a direct and proximate cause of Vanguard's breaches, PWG has suffered damages in the amount of $103,472.00 plus accrued interest arising from Vanguard's nonpayment.

## THIRD CAUSE OF ACTION
## UNJUST ENRICHMENT (PLEAD IN THE ALTERNATIVE)

40. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

41. PWG conferred a benefit on Vanguard by providing the Wines specified in the purchase orders and invoices attached as Exhibit 2.

42. Vanguard specifically ordered and accepted the Wines and was therefore, aware it was receiving the benefits of PWG's product.

43. Upon information and belief, much, if not all the Wines have already been sold by Vanguard to third parties at significant markup, thereby conferring an unjust benefit on Vanguard.

44. It would be unjust under the circumstances for Vanguard to fail to pay for the Wines ordered, delivered and sold.

45. As a direct and proximate cause of Vanguard's unjust enrichment, PWG has suffered damages in the amount of $103,472.00 plus accrued interest arising from Vanguard's nonpayment.

## FOURTH CAUSE OF ACTION
## FRAUD

46. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

47. Between January 11, 2022 and February 25, 2022, Vanguard induced PWG to enter a distributor relationship with Vanguard by fraudulently representing its intention to both order and pay for the Wines ordered and to engage in an on longstanding mutually profitable exclusive business relationship.  *See*, Exhibits 1, 2.

48. On or about February 23 and 25, 2022, Vanguard induced PWG to enter a distributor relationship with Vanguard by ordering the Wines and representing to PWG that it would pay for the Wines.  *See*, Exhibit 2.

49. At the time Vanguard placed the orders for the Wines, it knew that it had no ability to pay for the Wines and had no intention to pay for the Wines on delivery or, ever.

7

50. Vanguard intentionally misrepresented its intent to pay PWG both at the outset of the parties' business relationship and several times in the months that followed in response to PWG's many efforts to collect its past due invoices.

51. Vanguard intentionally misrepresented the above-referenced material facts with the intent that PWG would rely on those representations and continue with their exclusive business relationship.

52. PWG justifiably relied upon Vanguard's representations that Vanguard would pay the monies owed for Wines delivered pursuant to the purchase orders submitted by Vanguard.

53. As a direct and proximate cause of Vanguard's unlawful conduct, PWG has suffered damages in the amount of $103,472.00 plus accrued interest and additional punitive damages arising from Vanguard's fraudulent conduct.

**FIFTH CAUSE OF ACTION**
**CIVIL THEFT BY DECEPTION**

54. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

55. O.R.C. § 2307.61 provides for civil damages resulting from the commission of a theft offense, as that phrase is defined in R.C. § 2913.01.

56. O.R.C. § 2913.01 provides that a violation of R.C. § 2913.02 is a theft offense.

57. O.R.C. § 2913.02(A)(3) states, in relevant part: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over with the property or services ... by deception."

58. O.R.C. § 2913.0l(A) defines "deception" as "knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by other conduct, act, or

8

omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."

59. Vanguard induced Plaintiff to supply the Wines through fraud and misrepresentation.

60. Vanguard misrepresented essential material facts concerning, among other things, its intention and ability to pay PWG for the Wines ordered and delivered.

61. Based on the facts set forth herein, Vanguard committed theft by deception in violation O.R.C. § 2913.01 *et seq.*

62. As a direct and proximate cause of Vanguard's unlawful conduct, PWG has suffered damages in the amount of $103,472.00 plus accrued interest arising from Vanguard's civil theft.

63. Pursuant to O.R.C. § 2307.61 PWG is entitled to civil damages for said theft including treble damages.

## SIXTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

64. Plaintiff incorporates all preceding paragraphs as if fully restated herein.

65. Under O.R.C. § 1333.84, Vanguard is, and at all times relevant was, the exclusive Ohio distributor and broker of PWG's Wines.

66. As the exclusive distributor of PWG's Wines, Vanguard owed PWG fiduciary obligations, including a duty of fair dealing, full and fair disclosure of material information, loyalty, and the proper exercise of due care.

67. Vanguard breached its fiduciary obligations to PWG by failing to deal fairly, failing to disclose material information regarding their relationship and Vanguard's ability to pay for

Wines delivered by PWG, by selling PWG's Wines, profiting therefrom and using the proceeds for purposes other than paying PWG amounts owed.

68. As a direct and proximate result of Vanguard's breach of fiduciary duties, PWG has suffered damages in the amount of $103,472.00 plus accrued interest and additional punitive damages arising from Defendants' breach.

WHEREFORE, Plaintiff Premier Wine Group, LLC hereby prays for judgment against Defendant Vanguard Wines, LLC as follows:

A. As to the First Cause of Action: Judgment against Vanguard for breach of contract in the amount of $103,472.00 plus pre- and post-judgment interest in an amount to be proven at trial;

B. As to the Second Cause of Action: Judgment against Vanguard for Breach of Implied Warranty of Good Faith and Fair Dealing in the amount of $103,472.00 plus pre- and post- judgment interest in an amount to be proven at trial;

C. As to the Third Cause of Action: Judgment against Vanguard for unjust enrichment in the amount of $103,472.00 plus pre- and post-judgment interest in an amount to be proven at trial;

D. As to the Fourth Cause of Action: Judgment against Vanguard for fraud in the amount of $103,472.00 plus pre- and post-judgment interest in an amount to be proven at trial;

E. As to the Fifth Cause of Action: Judgment against Vanguard for civil theft by deception in the amount of $103,472.00 plus pre- and post-judgment interest in an amount to be proven at trial including treble damages under O.R.C. § 2307.61;

F. As to the Sixth Cause of Action: Judgment against Vanguard for breach of fiduciary duty in the amount of $103,472.00 plus pre- and post-judgment interest in an amount to be proven at trial and punitive damages in an amount to deter future unlawful conduct;

G. Any other relief that this Court deems appropriate including costs and attorneys fees as permitted by law.

Dated August 26, 2022

**LASZLOLAW**

*s/ Theodore E Laszlo, Jr.*
Theodore E Laszlo, Jr. (OH # 9531)
Michael J. Laszlo (OH # 101720)
2595 Canyon Blvd. Suite 210
Boulder, CO 80302
(303) 926-0410 (phone)
Email: tlaszlo@laszlolaw.com
mlaszlo@laszlolaw.com

Plaintiff's Address:
c/o LaszloLaw
2595 Canyon Blvd. Suite 210
Boulder, CO 80302